# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEREMY KEIRNS and DAWN KEIRNS,**

        **Plaintiffs,**

**-vs-**          Case No. 6:08-cv-1992-Orl-31DAB

**TRICAM INDUSTRIES, INC., and HOME DEPOT U.S.A., INC.,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR ORDER PERMITTING DESTRUCTIVE TESTING (Doc. No. 17)**
>
> **FILED:**    **February 26, 2009**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

At issue is whether Plaintiffs, owners of the allegedly defective ladder, may perform limited destructive testing and analysis of certain component parts of the ladder, in this products liability action. Citing *Mirchandani v. Home Depot, USA, Inc.,* 235 F.R.D. 611 (D. Md. 2006) and cases cited therein, Plaintiffs contend that they should be allowed to perform metallurgical and hardness testing on one failed rivet from the rear rail of the ladder and one non-failed rivet from the front rail. Plaintiffs propose to allow Defendants to attend the testing, and photograph and videotape the ladder, before, during and after testing. The entire ladder is not being destroyed and will be available in its general condition for trial, and one failed and one non-failed rivet will not be disturbed at all by the

testing. Defendants oppose the motion (Doc. No. 20), but cite no case law in support of their opposition. The Court finds this motion to be all but identical to the motion in *Mirchandani*, and grants the motion, for the reasons set forth therein.[1] Plaintiffs may proceed with the testing, in accordance with the protocol submitted to the Court, upon reasonable notice to Defendants.

**DONE** and **ORDERED** in Orlando, Florida on March 30, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Defendants attempt to distinguish *Mirchandani,* by contending that there "the parties agreed that the proposed test was 'reasonable and necessary' and accordingly, the court did not address the 'reasonable and necessary' factor (Doc. No. 20 at 8). Defendants are incorrect. The *Mirchandani* court *did* address the reasonable and necessary factor at length, and the opinion specifically notes that the defendants in that case "argue[d] that plaintiffs' proposed testing is not necessary. . ." 235 F.R.D. at 615. Considering that Home Depot was one of the defendants in *Mirchandani*, this gross misstatement is troubling.